IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY RANDOLPH McBEE, # 105694, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14cv1230-MHT |
| | ) | (WO) |
| LEEPOSEY DANIELS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

| | | |
|---|---|---|
| JERRY RANDOLPH McBEE, # 105694, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15cv15-MHT |
| | ) | (WO) |
| LEEPOSEY DANIELS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by state inmate Christopher McBee ("McBee").  McBee challenges his 1972

Houston County murder conviction and the resulting sentence of life in prison.

**I.  BACKGROUND**

McBee was convicted in the Circuit Court of Houston County, Alabama, on the

charge of murder, for which he was sentenced, on August 7, 1972, to life in prison.  His

conviction and sentence were affirmed on appeal.  *See McBee v. State*, 50 Ala.App. 622, 282

So.2d 61 (1973).

On December 15, 2014, McBee filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the Middle District of Alabama challenging his 1972 murder conviction and life sentence entered by the Circuit Court of Houston County, which is located in this District. This court docketed the habeas petition as Civil Action No. 1:14cv1230-MHT and entered orders for the named respondents to file an answer by January 21, 2015. *See* Civil Action No. 1:14cv1230-MHT Doc. Nos. 1 & 4.

In June 2014, McBee filed another habeas petition under § 2254, but this time in the United States District Court for the Northern District of Alabama. *See* Civil Action No. 1:15cv15-MHT, Doc. No. 1 (originally Civil Action No. 5:14cv1221-LSB-JHE in U.S.D.C. for Northern District of Alabama). On December 11, 2014, that court transferred the habeas petition to the Middle District of Alabama after it became apparent McBee was seeking to challenge the same 1972 conviction and sentence in Houston County, which, as stated, is in the Middle District. *See* Civil Action No. 1:15cv15-MHT, Doc. No. 17. On January 8, 2015, this court docketed the transferred habeas petition as Civil Action No. 1:15cv15-MHT. *Id*., Doc. No. 18.

Because McBee challenges the same Houston County conviction and sentence in both habeas petitions, this court ordered the consolidation of Civil Action No. 1:14cv1230-MHT and Civil Action No. 1:15cv15-MHT and designated Civil Action No. 1:14cv1230-MHT as the lead case. *See* Civil Action No. 1:14cv1230-MHT Doc. No. 7. The court further ordered that Civil Action No. 1:15cv15-MHT be closed administratively. *Id*.

2

For purposes of this Recommendation, the court considers McBee's June 2014 filing – his earliest filing – as the initiation of this habeas action under 28 U.S.C. § 2254. *See* Civil Action No. 1:15cv15-MHT, Doc. No. 1.  The court construes the pleadings filed by McBee after June 2014 to be either amendments to his § 2254 petition or supplemental materials in support of the claims in his petition.  *See* Civil Action No. 1:14cv1230-MHT, Doc. Nos 1, 14, 17 & 22; Civil Action No. 1:15cv15-MHT, Doc. Nos. 4, 10, 11, 15 & 16.  After cross-referencing the claims in McBee's pleadings and winnowing out extraneous allegations, the court had determined that McBee asserts the following claims for habeas relief:

1.   The prosecution deliberately withheld "hospital evidence" that it had been told by McBee's wife that the child victim had a "heart condition."

2.   Defense counsel rendered ineffective assistance by failing to present this "hospital evidence" at trial, and he (McBee) "was not allowed to testify at trial."

3.   The trial court did not "allow a fair trial" after a witness was "caught in a lie" and the court "whispered something" to the prosecutor and defense counsel during a bench conference.

4.   He was denied a copy of his trial transcript after making requests for the transcript (apparently, in 2014).

*See* Civil Action No. 1:14cv1230-MHT, Doc. No. 1 at 5-6; Civil Action No. 1:15cv15-MHT, Doc. No. 15 at 1-2.

The respondents argue that McBee's habeas petition is time-barred by the one-year limitation period applicable to § 2254 petitions, as set forth in 28 U.S.C. § 2244(d).  Civil Action No. 1:14cv1230-MHT, Doc. No. 8.  After reviewing the pleadings, evidentiary

materials, and applicable law, the court finds that no evidentiary hearing is required and that

the § 2254 petition should be denied as untimely.

## II. DISCUSSION

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

McBee was sentenced to life in prison on August 7, 1972.  His conviction and

4

sentence were affirmed on direct appeal in an opinion issued by the Alabama Court of Criminal Appeals on June 29, 1973. *McBee v. State*, 50 Ala.App. 622, 282 So.2d 61 (1973). He applied for rehearing, which was denied on July 12, 1973. *See id*. He did not seek certiorari review in the Alabama Supreme Court. At no time after his conviction did McBee file with the state courts a petition for writ of error coram nobis, a petition under Rule 20, *Alabama Temporary Rules of Criminal Procedure*, or a petition for post-conviction relief under Ala.R.Crim.P. 32.

Section 2244(d)(1)(A) of the AEDPA provides that the one-year limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. 28 U.S.C. § 2244(d)(1)(A). Under Alabama's Supreme Court Rule 39 then in effect, McBee had 15 days in which to file a petition for writ of certiorari in the Alabama Supreme Court following the Alabama Court of Criminal Appeals' July 12, 1973, denial of his application for rehearing on direct review. *See Trammell v. State*, 280 Ala. 31, 189 So.2d 763 (1966). Because he did not file such a petition, his conviction became final on July 27, 1973. *See* 28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996. Thus, McBee's conviction became final before enactment of the AEDPA. The Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [McBee], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir.

1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11ᵗʰ Cir. 1998). The Court has further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is "one year from the AEDPA's effective date." *Id*. As such, the one-year period for McBee to file a § 2254 petition commenced on April 24, 1996. Absent a showing of statutory or equitable tolling, the limitation period for a timely § 2254 petition expired on April 24, 1997. McBee filed his § 2254 petition in June 2014.

Section 2244(d)(2) of the AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." *See* 28 U.S.C. § 2244(d)(2). As noted above, McBee filed no post-conviction petitions for relief from his conviction and sentence. Therefore, he cannot avail himself of tolling under 28 U.S.C. § 2244(d)(2), and it appears the one-year limitation period for him to file a § 2254 petition expired on April 24, 1997. McBee did not file his federal habeas petition until June 2014 – over 17 years after expiration of the limitation period.

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for McBee such that the federal limitation period commenced on some date later than April 24,1996. There is no evidence that any unconstitutional or illegal State action impeded

McBee from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). McBee presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, McBee submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

The federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). McBee fails to set forth any facts that demonstrate "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period in his case. Consequently, he is not entitled to equitable tolling.

Under the circumstances set forth above, it is evident that the one-year limitation period in § 2244(d) expired on April 24, 1997. Because McBee did not file his § 2254 petition until June 2014, his petition is time-barred and this court may not address the merits.[1]

---

[1] In various parts of his pleadings, which are not a model of clarity, McBee appears to present claims attacking proceedings relating to the revocation or denial of his state parole. *See*, e.g.,Civil Action No. 1:14cv1230-MHT, Doc. Nos. 13, 14 & 22; Civil Action No. 1:15cv15-MHT, Doc. Nos.
(continued...)

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED with prejudice and this case dismissed because the petition is time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation **on or before July 7, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.   Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

---

[1](...continued)

1 & 4.  If McBee indeed wishes to challenge the denial or revocation of his parole, he should do so in a separate habeas petition under 28 U.S.C. § 2254 after properly exhausting his claims in the state courts.   The court takes no position on whether such a challenge would be timely under the applicable state or federal procedural rules and law.

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 23rd day of June, 2015.

                _____/s/Charles S. Coody_____
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE